UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KHALID JACKSON-BEY,<br><br>Plaintiff,<br><br>v.<br><br>P. PEOPLES, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-352-CCB-SJF |

**OPINION AND ORDER**

Khalid Jackson-Bey, a prisoner without a lawyer, filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jackson-Bey alleges that, on December 25, 2025, a fire broke out at Indiana State Prison. His cell filled with smoke and he began to cough and feel lightheaded. He yelled for help. Officer P. Peoples walked down the range and ignored Jackson-Bey's requests for help. A fireman later asked Jackson-Bey if he was okay. Jackson-Bey indicated that he needed help, and he was released from his cell and given a breathing treatment.

After he received the breathing treatment, Jackson-Bey talked with Officer McCoy about Officer Peoples ignoring his need for medical care. Officer Peoples was present and told Jackson-Bey to "shut the fuck up and secure." ECF 9 at 2. Jackson-Bey indicated that he was talking to Officer McCoy. Officer Peoples intentionally bumped Jackson-Bey when leaving the office and then stood near Jackson-Bey behaving in a manner Jackson-Bey believed was designed to be disrespectful and intimidating. As Jackson-Bey left, Officer Peoples followed behind him in a manner that Jackson-Bey believed to be aggressive and abusive. Officer Peoples then deliberately and violently pushed Jackson-Bey into the officer's cage, injuring his head and back.

Jackson-Bey tried to speak to Officer McCoy again, but Officer Peoples inserted himself between Jackson-Bey and Officer McCoy. A signal was called. Officers responded and Jackson-Bey was handcuffed and taken back to the medical department. The nurse, whose name is unknown, told escorting officers that she had just seen Jackson-Bey and they could take him out. He received no treatment at that time for the new injuries to his head and back.

Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the

face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). Giving Johnson-Bey the benefit of all plausible inferences, he has stated a claim against Officer Peoples for ignoring his medical needs when he walked past Johnson-Bey's smoke filled cell on December 25, 2025.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973). The intentional bumping that Jackson-Bey describes as Officer Peoples left the officer's station was rude, but it does not rise to the level of a constitutional violation. However, giving Jackson-Bey the benefit of all plausible inferences, as the court must at this stage

of the case, he has stated a claim against Officer Peoples for intentionally shoving him into the officer's cage, causing injury to Jackson-Bey's head and back.

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-98. Put another way, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Giving Jackson-Bey the benefit of all reasonable inferences, as this court must at this stage of the case, he has stated a claim against the unknown nurse who refused to address his new injuries on December 25, 2025, because she had just addressed a different medical need for Jackson-Bey. Later fact finding may demonstrate that the

nurse did not understand that a separate injury had occurred since she had treated Jackson-Bey, but at this stage of the case, it can be plausible inferred that this information was shared and the nurse nonetheless refused to assess Jackson-Bey's new injuries.

For these reasons, the court:

(1) **GRANTS** Khalid Jackson-Bey leave to proceed against Officer P. Peoples in his individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs when he ignored his requests for medical help on December 25, 2025, in violation of the Eighth Amendment;

(2) **GRANTS** Khalid Jackson-Bey leave to proceed against Officer P. Peoples in his individual capacity for compensatory and punitive damages for using excessive force against Jackson-Bey by shoving his head against the officer's cage on December 25, 2025, resulting in injury to Jackson-Bey's head and back, in violation of the Eighth Amendment;

(3) **GRANTS** Khalid Jackson-Bey leave to proceed against Nurse Jane Doe in her individual capacity for compensatory and punitive damages for deliberate indifference to Jackson-Bey's serious medical needs on December 25, 2025, when she refused to treat injuries that had only just occurred because she had already treated Jackson-Bey for another condition earlier than day, in violation of the Eighth Amendment;

(4) **DIRECTS** the clerk to add the Warden of the Indiana State Prison in his official capacity as a defendant only for the purpose of identifying the unknown nurse;

(5) **DISMISSES** all other claims;

(6) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Indiana State Prison and Officer P. Peoples at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 9);

(7) **WAIVES** the Warden of Indiana State Prison's obligation to file an answer to the amended complaint;

(8) **ORDERS** the Warden of Indiana State Prison to appear and identify Nurse Jane Doe by or before **October 14, 2026**, or show cause why he is unable to do so;

(9) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer P. Peoples to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 13, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT